**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

---

**MONIKA STAFFORD, HANNAH**
**DAUGHERTY, NICOLE MENARD**
individually,

      Plaintiffs,

          v.

**NO.**

**PSYCHIATRIC SERVICES OF EAST**
**TENNESSEE, LLC, ADDICTION &**
**MENTAL HEALTH SERVICES, LLC,** *d/b/a*
**BRADFORD HEALTH SERVICES,**
**RECOVERY STAFFING, INC.** and **JAMES R.**
**STUBBLEFIELD,** Individually**,**

**Jury Demanded**

      Defendants.

---

## FLSA COMPLAINT FOR DAMAGES

---

Plaintiffs, Monika Stafford, Hannah Daugherty, Nicole Menard ("Plaintiffs"), on behalf of themselves, individually, file this FLSA Complaint for Damages, averring as follows:

1. This is an action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against Psychiatric Services of East Tennessee, LLC, Addiction & Mental Health Services, LLC d/b/a Bradford Health Services, Recovery Staffing, Inc., George Massengill, individually, and James R. Stubblefield, individually ("Defendants") on behalf of Plaintiffs, whose minimum wages and overtime compensation were offset and reduced by Defendants' unlawful and wrongful application of FLSA Section 203(m) credits during the past three (3) years. Plaintiffs seek damages for unpaid minimum wage and overtime wage claims.

1

## I.  JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiffs performed work for Defendants in this district, and Defendants have conducted, and continue to conduct, business within this district during all relevant periods to this action. In addition, a substantial part of the events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this district.

## II.  PARTIES

4. Defendant Psychiatric Services of East Tennessee, LLC is a Tennessee limited liability company with offices at 744 Tell Street, Suite 100, Athens, Tennessee 37303, as well as 9217 Parkwest Blvd., Knoxville, Tennessee 37923 and 201 Prosperity Drive, Knoxville, Tennessee 37923. Its registered agent for service of process is Bob Stubblefield, 2131 Wilson Road, Knoxville, Tennessee 37912.

5. Defendant Addiction & Mental Health Services, LLC, d/b/a Bradford Health Services, LLC is a Delaware limited liability company with its principal offices located at 2101 Magnolia Ave. S, Ste. 518, Birmingham, AL 35205. Its registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

6. Defendant Recovery Staffing, Inc. is a Tennessee corporation with its principal offices located at 2131 Wilson Road, Knoxville, Tennessee. Its registered agent for service of process is Bob Stubblefield, 2131 Wilson Road, Knoxville, Tennessee 37912-6020.

2

7. James R. Stubblefield is the President and owner of Recovery Staffing, Inc. and Psychiatric Services of East Tennessee, Inc. was responsible for the implementation and administration of Defendants' pay and compensation policies and practices related to Plaintiffs. Defendant Stubblefield may be served process at 2131 Wilson Road, Knoxville, Tennessee 37912-6020.

8. George Massengill is the owner and manager of Psychiatric Services of East Tennessee, LLC. Defendant Massengill was responsible for the implementation and administration of Defendants' pay and compensation policies and practices related to Plaintiffs. He may be served at 12206 Oakland Hills Pt, Farragut, TN 37934 or wherever he may be found.

9. Plaintiff Monika Stafford worked as an hourly-paid housing staff member for Defendants within this district during the three (3) year period immediately preceding the filing of this Complaint.

10. Plaintiff Hannah Daugherty worked as an hourly-paid housing staff member for Defendants within this district during the three (3) year period immediately preceding the filing of this Complaint.

11. Plaintiff Nicole Menard worked as an hourly-paid housing staff member for Defendants within this district during the three (3) year period immediately preceding the filing of this Complaint.

12. Defendants have been Plaintiffs' "employer" as that term is defined under the FLSA during all times material to this action.

13. Defendants are joint employers of Plaintiffs.

3

14. Defendants constitute an integrated enterprise as that term is defined in the FLSA, 29 U.S.A. § 203(r) because their business activities are performed through a unified and centralized operation and common control, and for a common business purpose.

### III.  **FACTUAL BASIS FOR SUIT**

15. Defendant Psychiatric Services of East Tennessee, LLC., sometimes referred to as Evolve Addiction Treatment (Athens) and/or Evolve Behavioral Health (Athens) has several addiction treatment centers for recovering addicts throughout Tennessee, including, *inter alia*, in Athens, Knoxville, Smithville, Chattanooga, Smyrna, Jackson, Crossville, Lafollette, Louisville and Lebanon, Tennessee.

16. Upon information and belief, Defendant Addiction & Mental Health Services, LLC, purchased Defendant, Psychiatric Services of East Tennessee, LLC within the last three years.

17. Defendant Recovery Staffing, Inc. provides staffing for Defendant Psychiatric Services of East Tennessee, LLC.

18. Plaintiffs have been employed by Defendants within the last three (3) years.

19. At all times relevant to this action, Plaintiffs have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and performed work for Defendants within the territory of the United States within three (3) years preceding the filing of this action.

20. At all times material to this action, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiffs also have engaged in commerce and the production of goods for commerce on behalf of Defendants during the applicable statutory period.

4

21. Defendant James R. Stubblefield has been an owner and manager of Defendants Recovery Staffing, Inc. and Psychiatric Services of East Tennessee, Inc. and was responsible for the implementation and administration of Defendants' pay and time keeping plans and practices during all times material to this multi-plaintiff action.

22. Defendant George Massengill has been an owner and manager of Defendant Psychiatric Services of East Tennessee, Inc. and was responsible for the implementation and administration of Defendants' pay and time keeping plans and practices during all times material to this action.

23. Defendants had a common plan and practice of unlawfully applying unrealistic FLSA Section 203(m) credits for lodging against the wages of Plaintiffs.

24. Plaintiffs performed work for Defendants in excess of forty (40) hours per week within weekly pay periods during all times material and relevant to this action without being compensated for such time at the applicable FLSA minimum wage and overtime rates of pay.

25. For example, Plaintiffs performed duties for Defendants in excess of 15 hours per daily shift, 7 days a week, at a Defendants' facility in this district but were paid only between $75.00 and $100 per week for their compensable work time, amounting to less than the required FLSA minimum wage and overtime rates of pay within weekly pay periods during all times material herein.

26. Plaintiffs were responsible for up to 18 recovering clients (patients) who were lodged at each of their respective facilities. They were responsible for such clients 24 hours a day, 7 days per week, during all times material to this action. (They were required to wake each client early in the morning and were responsible for their safety and health throughout day

5

and night. Typically, clients did not retire for the evening until around 10:00 p.m.)

27. The daily tasks of Plaintiffs began each day with administering medications, individually to each patient (one at a time) to some 18 clients who resided at the same facility as Plaintiffs resided. The next task was to transport such clients in small groups to respective schools and then be "on call" and wait until time to pick-up such clients and return them in small groups to the respective facility in which they resided and then, once again, administer medications, individually, (one at a time) to each such client.

28. Plaintiffs were not permitted to leave their respective facilities except for the time spent in transporting clients to and from their schools or other locations, such as to attend AA meetings, and for the time spent in transporting clients to doctor's appointments, etc., on a 24-hours a day, seven days a week basis.

29. Plaintiffs were either administering medications, transporting patients or "on call" in excess of 15 hours per day, 7 days a week within weekly pay periods during all times material to this action.

30. Defendants took a credit against the wages (including overtime wages) of Plaintiffs in exchange for their lodging under 29 U.S.C. 203(m).

31. However, Defendants were not entitled to apply a Section 203(m) credit against the wages of Plaintiffs because, *inter alia*:

(a) Defendant failed to maintain adequate and accurate records of the costs incurred in providing such lodging;

(b) The Section 203(m) credit applied by Defendants against the wages of Plaintiffs far exceeded the value of such lodging; and,

(c) The lodging provided Plaintiffs was for the benefit of Defendants rather than for

6

the benefit of Plaintiffs. (For example, Plaintiffs were required to remain at their respective facilities each day except for the time in transporting patients to and from schools and other locations seven days a week, within weekly pay periods during all times material.)

32. Defendants knew they were not compensating Plaintiffs for their compensable straight and overtime work at the applicable FLSA minimum and overtime rates of pay within weekly pay periods during all time material to this action.

33. However, Defendants failed to record into their time keeping system and compensate Plaintiffs for all their compensable work time, including their overtime.

34. The unpaid wage claims of Plaintiffs are unified though common theories of Defendants' FLSA violations.

35. Defendants' common plan and practice of not compensating Plaintiffs for all their compensable hours of work at the applicable FLSA minimum wage and overtime rates of pay violated 29 U.S.C. § 207(a)(1).

36. Defendants failed to properly record all hours of work of Plaintiffs as required by 29 C.F.R. §516.2(a)(7).

37. Defendants willfully and with reckless disregard to established FLSA principles failed to compensate Plaintiffs for all their compensable time at the applicable FLSA minimum wage and overtime rates of pay within weekly pay periods during all times material to this action.

38. Defendants do not have a good faith basis for such failure.

39. Defendants' common plan and practice of not compensating Plaintiffs for all their compensable times at the applicable FLSA minimum wage and overtime rates of pay

7

violated 29 U.S.C. § 207(a)(1).

40. As a result of Defendants' willful failure to pay Plaintiffs in compliance with the FLSA, they have suffered lost wages as well as other damages.

41. The net effect of Defendants' common plan and practice of not compensating Plaintiffs for all their compensable time was to unjustly enrich themselves and enjoy ill-gained profits at the expense of Plaintiffs.

**COUNT I**
**(Violation of the Fair Labor Standards Act)**

42. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

43. At all relative times, Plaintiffs have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

44. At all relevant times, Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiffs consistent with the terms of the FLSA.

46. Plaintiffs were "employees" of Defendants within the meaning of the FLSA's minimum wage and overtime wage requirements during all times relevant.

47. As a result of Defendants' common plan and practice of wrongfully and unlawfully applying Section 203(m) credits against the wages of Plaintiff, as previously addressed, they have violated the minimum wage and overtime requirements of the FLSA.

48. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an

employee unless that employee is compensated for all such overtime hours worked.

49. Through its actions, plans and practices Defendants have violated, and continue to violate, the FLSA by regularly and repeatedly failing to compensate Plaintiffs for all their compensable work time at the applicable FLSA minimum wage and overtime rates of pay within weekly pay periods during all times relevant.

50. Defendants' actions were willful with reckless disregard to clearly defined FLSA established principles.

51. Defendants' actions were devoid of a good faith basis.

52. The unpaid wage claims of Plaintiffs are unified through common theories of Defendants' FLSA violations.

53. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

54. Therefore, Defendants are liable to Plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as for reasonable attorneys' fees, costs and expenses.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs request the Court to enter judgment in their favor on this Complaint and:

B) Award Plaintiffs all unpaid minimum wage and overtime compensation against Defendants;

C) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

D) Award Plaintiffs liquidated damages in accordance with the FLSA;

9

E)      Award Plaintiffs prejudgment interest (to the extent that liquidated damages are not awarded);

F)      Award Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

G.      Award post-judgment interest and court costs as allowed by law;

H)      Allow Plaintiffs to amend this Complaint, if necessary, as new facts are discovered;

I)      Provide additional general and equitable relief to which Plaintiff may be entitled; and

J)      Provide further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: March 27, 2025.                    Respectfully submitted,

                                          *s/J. Russ Bryant*
                                          Gordon E. Jackson (TN BPR #8323)
                                          J. Russ Bryant (TN BPR #33830)
                                          J. Joseph Leatherwood IV (TN BPR #39490)
                                          **JACKSON, SHIELDS, HOLT**
                                          **OWEN & BRYANT**
                                          Attorneys at Law
                                          262 German Oak Drive
                                          Memphis, Tennessee 38018
                                          Telephone: (901) 754-8001
                                          Facsimile: (901) 754-8524
                                          *gjackson@jsyc.com*
                                          *rbryant@jsyc.com*
                                          *jleatherwood@jsyc.com*

                                          ***ATTORNEYS FOR PLAINTIFFS***

10