UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MONIKA STAFFORD, HANNAH DAUGHERTY, NICHOLE MENARD, Individually, </br></br>  Plaintiffs, </br></br> v. </br></br> PSYCHIATRIC SERVICES OF EAST TENNESSEE, LLC, ADDICTION & MENTAL HEALTH SERVICES, LLC, *d/b/a* BRADFORD HEALTH SERVICES, RECOVERY STAFFING, INC., and JAMES R. STUBBLEFIELD, Individually, </br></br>  Defendants. | No. 3:25-CV-128-CLC-JEM |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Extension of Service Deadline [Doc. 8]. For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 8**].

**I.    BACKGROUND**

On March 27, 2025, Plaintiffs filed their Complaint, which names among others, Psychiatric Services of East Tennessee, LLC and James R. Stubblefield as defendants [Doc. 1]. Under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs had until June 25, 2025, to serve defendants. On June 25, 2025, Plaintiffs filed their motion seeking an extension of the deadline for these two defendants [Doc. 8].

Plaintiffs state that they have successfully served Defendant Addiction & Mental Health Services, LLC [Doc. 8 p. 1].[1] But "[d]espite diligent efforts, Plaintiffs have been unable to serve Defendant Psychiatric Services of East Tennessee, LLC, or individual Defendant, James R. Stubblefield" [*Id.*]. According to Plaintiffs, "Mr. Stubblefield is the registered agent for Defendant Psychiatric Services of East Tennessee, LLC. Plaintiff engaged a professional process server who has attempted service at their business address and residential address without success" [*Id.* at 1–2]. Plaintiffs believe Defendant Stubblefield is "living part-time at a different residence in another state" [*Id.* at 2]. Additional time will allow Plaintiffs to complete service on these two defendants, and Plaintiffs specifically request an additional forty-five days [*Id.*].

## II.     ANALYSIS

Plaintiffs' request is governed under Rule 4(m), which provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). The Sixth Circuit has explained that Rule 4(m) requires a two-step analysis when the plaintiff does not achieve service within ninety days. *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). The Court must first determine whether plaintiff has shown good cause for the failure to serve. *Id.* If plaintiff has shown good cause, then the Court must grant the extension. *Id.*; *see also* Fed. R. Civ. P. 4(m). Whether plaintiff has

---

[1]     Plaintiffs do not state whether they have served Defendant Recovery Staffing, Inc., and in the motion, they do not seek an extension of time to serve this defendant.

established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999). If the plaintiff has not shown good cause, then the Court may either dismiss the action without prejudice or order that service be completed. *Id.*

The Court finds that Plaintiffs have established good cause for an extension to serve Defendants Psychiatric Services of East Tennessee, LLC and James R. Stubblefield. According to the motion, Plaintiffs have taken a reasonable and diligent effort to serve them. Plaintiffs attempted service at their business address and residential address and now believe Defendant Stubblefield is residing in a different state. *See Searcy v. GUUAS, LLC*, No. 2:19-CV-3124, 2020 WL 1694987, at *3 (S.D. Ohio Apr. 6, 2020) (concluding that the plaintiff established good cause to serve the defendant because the plaintiff had been diligent in attempting to locate and serve the defendant). Accordingly, given that Plaintiffs have established good cause, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The Court **ORDERS** Plaintiffs to serve Defendants Psychiatric Services of East Tennessee, LLC and James R. Stubblefield on or before **August 11, 2025**.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Extension of Service Deadline [**Doc. 8**].

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge