UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MONIKA STAFFORD, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) No. 3:25-CV-128 |
| | ) |
| v. | ) Judge Collier |
| | ) |
| RECOVERY STAFFING, INC., *et al.*, | ) Magistrate Judge McCook |
| | ) |
| *Defendants.* | ) |

**MEMORANDUM**

On October 29, 2025, the Court ordered Plaintiffs, Monika Stafford, Hannah Daugherty, and Nicole Menard, to show cause within seven days why the Court should not dismiss their claims against Defendants James R. Stubblefield and Recovery Staffing, Inc. (Doc. 25.) Plaintiffs responded on October 29, 2025. (Doc. 26.)

**I.  BACKGROUND**

This matter is Plaintiffs' second case on their claims under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*

During Plaintiffs' first case, their repeated failure to prosecute resulted in the Court's issuing six show-cause orders before ultimately dismissing the case without prejudice as a sanction.[1] (Case No. 3:23-cv-209, Docs. 7, 11, 17, 24, 28, 39, 45.) In a Memorandum and Order after the fifth such show-cause order, the Court found the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure to be divided on whether dismissal with prejudice

---

[1] In Case No. 3:23-cv-209, Plaintiffs failed to serve process in the time required (Doc. 7), failed to file a motion to extend the service deadline (Doc. 11), failed to move for entry of default (Doc. 17), failed to move for default judgment, (Doc. 24), failed to move for default judgment under Rule 55(b)(2) (Doc. 28), and failed to serve process in the time required or otherwise act in the case (Doc. 39).

was appropriate. (Case No. 3:23-cv-209, Doc. 31 at 4–6.) The Court noted that, "although the Court's previous warnings ha[d] been ineffective to impress on Plaintiffs' counsel the need for prompt and diligent action in this case, the Court [wa]s hopeful that the sterner warning of th[at] Memorandum and Order w[ould] be effective." (*Id.* at 5.) The Court concluded that "a dismissal with prejudice [wa]s not appropriate as a sanction at th[at] time" but warned Plaintiffs of the possibility of dismissal with prejudice if their pattern of conduct continued. (*Id.* at 6.)

The Court issued its sixth show-cause order in the first case after three months passed without any filings by Plaintiffs, specifically without service of process as to certain new claims. (Case No. 3:23-cv-209, Doc. 39.) Upon analyzing Plaintiffs' response and the Rule 41(b) factors, the Court dismissed the first action without prejudice on March 26, 2026. (Case No. 3:23-cv-209, Docs. 45, 46.)

Plaintiffs filed this action on March 27, 2025. (Doc. 1.) On June 25, 2025, Plaintiffs asked to extend their deadline to serve process on two Defendants, James R. Stubblefield ("Mr. Stubblefield"), and Psychiatric Services of East Tennessee, LLC ("Psychiatric Services").[2] (Doc. 8 at 1–2.) Plaintiffs alleged that Mr. Stubblefield was the registered agent for Psychiatric Services. (*Id.* at 1.) The Court granted Plaintiffs' motion and set a deadline of August 11, 2025, for service on these two Defendants. (Doc. 9.)

On July 29, 2025, the Court ordered Plaintiffs to show cause why their claims against another Defendant, Recovery Staffing, Inc. ("Recovery Staffing"), should not be dismissed under Rule 4(m) for failure to serve process within ninety days of filing the complaint. (Doc. 12.) Plaintiffs responded that, through negligent oversight, their counsel had failed to include Recovery

---

[2] Defendant Bradford Evolve Treatment Services, LLC ("Bradford Evolve") was later substituted for both Psychiatric Services and former Defendant Addiction & Mental Health Services, LLC, d/b/a Bradford Health Services. (Doc. 18.)

Staffing in their June 25, 2025, motion to extend time to serve process and asked that the deadline to serve Recovery Staffing also be extended through August 11. (Doc. 13 at 1–2.) For the sake of judicial efficiency, the Court construed Plaintiffs' response as a motion to extend the time for service of process on Recovery Staffing, extended the deadline to August 11, 2025, and dismissed the July 29 show-cause order. (Doc. 14.)

On August 11, 2025, Plaintiffs filed returns showing service of process on August 9, 2025, on Psychiatric Services and Recovery Staffing. (Doc. 15.) There was no return of service for Mr. Stubblefield.

On September 2, 2025, Bradford Evolve answered Plaintiffs' complaint and asserted a crossclaim against Recovery Staffing. (Doc. 17.) Bradford Evolve sought the issuance of a summons to Recovery Staffing on September 10, 2025, and a summons was issued on September 11, 2025. (Docs. 19, 20.)

On September 15, 2025, Plaintiffs applied for an entry of default as to Recovery Staffing and Mr. Stubblefield. (Docs. 21, 22.) On September 17, 2025, The Clerk of Court entered a default as to Recovery Staffing (Doc. 23) but denied entry of default as to Mr. Stubblefield based on the lack of proof of service of process on him (Doc. 24).

More than thirty days then passed without any further filings by Plaintiffs, whether regarding service of process on Mr. Stubblefield, a motion for default judgment as to Recovery Staffing, or otherwise. On October 22, 2025, the Court ordered Plaintiffs to show cause within seven days why their claims against Mr. Stubblefield should not be dismissed under Rules 4(m), 21, and 41(b), and why their claims against Recovery Staffing should not be dismissed under Rules 21, and 41(b). (Doc. 25.) Plaintiffs filed a timely response (Doc. 26), and the matter is now ripe.

## II. STANDARD OF REVIEW

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court," either upon the defendant's motion or on its own initiative. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). The Court must consider four factors in determining whether to exercise its discretion to dismiss a case for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Carpenter*, 723 F.3d at 704. Dismissal of a case with prejudice is a harsh sanction which should apply only in extreme situations because it deprives a plaintiff of his or her day in court. *Id.* (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Such a sanction is not usually appropriate where the neglect at issue is the fault of an attorney, rather than of the client. *Id.*

## III. DISCUSSION

Plaintiffs filed a timely response to the Court's latest show-cause order. As to Mr. Stubblefield, Plaintiffs argue that "his signature on a summons return acknowledging receipt of the complaint on behalf of [ ] Recovery Staffing" evidences proper service on Mr. Stubblefield individually. (Doc. 26 at 1 (citing Doc. 15).) Plaintiffs ask the Court to deem this to be "good and proper service" on Mr. Stubblefield. (*Id.* at 2.) Plaintiffs further represent that they have not been able to obtain an affidavit from their process server as to personal service on Mr. Stubblefield because their process server died on October 21, 2025. (*Id.* at 2.)

As to Recovery Staffing, Plaintiffs argue they had good-faith reasons not to move earlier for a default judgment against it. (*Id.* at 2.) First, they assert that they were waiting to file a motion for a default judgment until after they clarified service on Mr. Stubblefield so that they could move for default judgment against both of them at the same time. (*Id.*) Second, they state that Plaintiffs' counsel has talked to Mr. Stubblefield by phone since August 9, 2025. (*Id.*) Mr. Stubblefield has "been in and out of the hospital battling serious medical issues" but says he intends "to hire counsel to defend himself and Recovery Staffing." (*Id.*) "Plaintiffs' counsel has tried to be understanding of Defendant Stubblefield's health issues and has hoped Defendant Stubblefield would finally hire counsel in this matter," including to defend Recovery Staffing against the crossclaim of Bradford Evolve. (*Id.*) Third, Plaintiffs represent that they are in settlement negotiations with Bradford Evolve that might resolve their claims entirely. (*Id.*) Having asserted these reasons for their delay, Plaintiffs offer to "move for default judgment against both Defendant Stubblefield and Recovery Staffing, Inc. within seven (7) days of an order dismissing the Court's Order to Show Cause and deeming Defendant Stubblefield properly served." (*Id.* at 3.)

The Court considers each of the four factors relevant to dismissal under Rule 41(b) in light of Plaintiffs' response and the entire record.

### A. Willfulness, Bad Faith, or Fault

To support a finding of willfulness, bad faith, or fault, there must be "a clear record of delay or contumacious conduct." *Carpenter*, 723 F.3d at 704 (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). Contumacious conduct is behavior which is "perverse in resisting authority" and "stubbornly disobedient." *Id.* at 705 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). Such behavior must display "either an intent to

thwart judicial proceedings or a reckless disregard for the effect of [such] conduct on those proceedings." *Id.* (quoting *Wu*, 420 F.3d at 643).

Plaintiffs' response to the Court's latest show-cause order demonstrates that Plaintiffs did not act in bad faith by waiting thirty-five days without filing anything after the Clerk of Court granted one of their applications for entry of default and denied the other. Plaintiffs represent that they attempted to locate their process server to obtain an affidavit as to service on Mr. Stubblefield. (Doc. 26 at 2.) They also represent that they have spoken with Mr. Stubblefield by phone and have tried to accommodate his hospitalizations and his expressed desire to hire counsel. (*Id.*) They further represent that they wanted to file motions for default judgment against Mr. Stubblefield and Recovery Staffing at the same time. (*Id.*) The Court notes that a simultaneous filing could have brought some efficiencies to their prosecution of the case and the Court's action on any motions for default judgment. Finally, Plaintiffs represent that they have engaged in settlement negotiations with Bradford Evolve that could resolve the case entirely. (*Id.*) This is sufficient to show good faith in Plaintiffs' conduct between September 17 and October 22, 2025.

A finding of good faith does not mean Plaintiffs were doing all they could during those thirty-five days. A non-exhaustive list of options includes filing a status report with the Court; moving for a default judgment against Recovery Staffing with a request to hold the motion in abeyance pending service on Mr. Stubblefield; moving to extend the time to serve process on Mr. Stubblefield; requesting an alias summons as to Mr. Stubblefield; asking Mr. Stubblefield to waive service of process; or even asking the Court to stay the case during Mr. Stubblefield's health issues. The Court does not offer this list to say it would have granted any of these requests; it is not the Court's role to give legal advice to parties. Rather, the Court offers this list to show that Plaintiffs'

6
Case 3:25-cv-00128-CLC-JEM    Document 27    Filed 12/02/25    Page 6 of 12    PageID #: 96

actions during the period in question may have been in good faith, but they were not necessarily sufficient.

Moreover, Plaintiffs' prosecution of this action as a whole has been both dilatory and neglectful of the requirements set forth in the Federal Rules of Civil Procedure.

- On the last day for service of process under Rule 4(m), Plaintiffs moved for an extension of time to serve two Defendants, negligently overlooking a third. (Docs. 1, 8, 13.)

- In responding to the first show-cause order, Plaintiffs' counsel took responsibility for the oversight (Doc. 13 at 1) but failed to file the motion for extension counsel had by then realized was missing.[3] *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

- Plaintiffs did not file a return of service as to Mr. Stubblefield after they believed they had completed service of process on him. *See* Fed. R. Civ. P. 4(L)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.")

- Plaintiffs filed an application for entry of default against Mr. Stubblefield despite their having failed to prove service on him. (*See* Doc. 21.)

- Moreover, Plaintiffs' application for entry of default against Mr. Stubblefield was supported by an affidavit of Attorney Joseph Leatherwood IV asserting that "service of process was had on the defendant on 08/09/2025," apparently without

---

[3] The Court's decision to construe Plaintiffs' response to the first show-cause order as a motion to extend the relevant service deadline does not change the fact that Plaintiffs were dilatory in not filing the appropriate motion.

7
Case 3:25-cv-00128-CLC-JEM    Document 27    Filed 12/02/25    Page 7 of 12    PageID #: 97

Mr. Leatherwood's checking the docket to confirm that a return of service had been filed. (*See* Doc. 21-1.)

- In their response to the second show-cause order, Plaintiffs again ask for an order—to deem service on Mr. Stubblefield proper—without filing a motion as required by Rule 7(b)(1). (*See* Doc. 26 at 2, 3.) Plaintiffs also offer no legal authority for their request, leaving it to the Court to identify a rule or precedent that would make an order deeming service proper both procedurally proper and substantively warranted. (*See id.*; *see also* E.D. Tenn. L.R. 7.1(b) ("Briefs shall include a concise statement of the factual and legal grounds which justify the ruling sought from the Court.").)

Plaintiffs' dilatory conduct in this case is even more concerning against the background of their previous case, in which the Court issued no fewer than six show-cause orders (Case No. 3:23-cv-209, Docs. 7, 11, 17, 24, 28, 39); found not once, but twice, that Plaintiffs had a "clear record of delay and contumacious conduct" (Case No. 3:23-cv-209, Doc. 31 at 4, Doc. 45 at 7); and ultimately dismissed the case without prejudice as a sanction (Case No. 3:23-cv-20, Doc. 46). None of the Court's admonitions or sanctions in the previous case seem to have prompted much improvement in Plaintiffs' manner of prosecuting the present case. Moreover, Plaintiffs' conduct in the first case, as here, demonstrated a lack of adherence to, or knowledge of, the Federal Rules of Civil Procedure. In response to the Court's sixth show-cause order, for example, Plaintiffs explained that they were unaware that Rule 5(a)(2) requires service under Rule 4 of any pleading asserting a new claim for relief, even if the defendant is already in default. (Doc. 40 at 1.)

Although the Court does not make a finding of bad faith, the Court does find contumacious conduct in Plaintiffs' continuing lack of adherence to the Federal Rules of Civil Procedure that

displays "a reckless disregard for the effect of [Plaintiffs'] conduct on th[e]se proceedings." *Carpenter*, 723 F.3d at 705. The Court therefore **FINDS** that the first factor weighs in favor of a dismissal of Plaintiffs' claims against Recovery Staffing and Mr. Stubblefield.

### B. Prejudice

A plaintiff's dilatory conduct prejudices a defendant "if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Carpenter*, 723 F.3d at 707 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Neither Recovery Staffing nor Mr. Stubblefield have appeared in this matter. The Court accordingly **FINDS** there has been no prejudice to Recovery Staffing or Mr. Stubblefield under the second factor, weighing against dismissal of Plaintiffs' claims against them.

### C. Notice

The Court's first show-cause order warned Plaintiffs of the possibility of dismissal of their claims against Recovery Staffing. (Doc. 12 at 1.) The Court's second show-cause order warned Plaintiffs of the possibility of dismissal of their claims against Recovery Staffing and Mr. Stubblefield, possibly with prejudice. (Doc. 25 at 2.) Moreover, the Court's many warnings in, and ultimate dismissal of, Plaintiffs' first case surely gave them notice of the possibility of dismissal of their claims. (Case No. 3:23-cv-209, Docs. 7 at 1, 11 at 1, 17 at 1, 24 at 1, 28 at 1, 39 at 1–2; 45, 46.) The Court accordingly **FINDS** there was sufficient notice to Plaintiffs under the third factor.

### D. Lesser Sanctions

Before dismissing a case with prejudice for failure to prosecute, a court should consider whether lesser sanctions would better serve the interests of justice. *Carpenter*, 723 F.3d at 709 (quoting *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232–33 (6th Cir. 1983)). "[T]he

sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process." *Wu*, 420 F.3d at 644 (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 594 (6th Cir. 2001)). Possible lesser sanctions include monetary sanctions such as a fine, costs, or damages; barring a party from introducing certain evidence or participating in oral argument on a motion; additional warnings; other disciplinary measures; or dismissal without prejudice. *See, e.g.*, *Carpenter*, 723 F.3d at 709. Lesser sanctions may be imposed on parties or their counsel as appropriate. *See id.* at 709–10.

The Court has considered a range of possible sanctions in this case. At one end, dismissal of Plaintiffs' claims against Recovery Staffing and Mr. Stubblefield with prejudice is not appropriate. The thirty-five-day delay that prompted the Court's most recent show-cause order does not warrant such a severe consequence. Plaintiffs were taking some actions on the case, albeit not all they might have taken. Nor do the other problematic parts of the prosecution of this case warrant a sanction as severe as dismissal.

At the other end of the range of possible sanctions, additional warnings would not be sufficient. Plaintiffs' dilatory conduct has continued with no more than minimal improvement despite the Court's many and explicit warnings. A slightly more severe option is a monetary sanction. However, the Court questions the likely efficacy of monetary sanctions. Even the Court's dismissal without prejudice of Plaintiffs' previous case, which required the payment of a second filing fee of $405, did not correct Plaintiffs' behavior. Barring Plaintiffs from introducing certain evidence or participating in argument on a motion would also not be appropriate, because Plaintiffs' conduct does not relate to any particular evidence or legal issues in a motion.

The Court concludes that the most appropriate sanction is a disciplinary measure focused on what appears to be the crux of Plaintiffs' difficulty in prosecuting this case: insufficient

10

Case 3:25-cv-00128-CLC-JEM    Document 27    Filed 12/02/25    Page 10 of 12
PageID #: 100

attention to the rules that govern cases in federal courts. The Court will therefore fashion a sanction focused on encouraging Plaintiffs' counsel to refamiliarize themselves with and follow the Federal Rules of Civil Procedure and the Local Rules of this Court. The Court accordingly **FINDS** that sanctions less severe than dismissal are appropriate at this juncture.

### IV.  CONCLUSION

Considering the four relevant factors and the procedural history in this case, the Court will **SANCTION** each of Plaintiffs' attorneys of record, Gordon E. Jackson, J. Russ Bryant, and J. Joseph Leatherwood IV, as follows.

A.  Within **fourteen (14) days** of the issuance of the accompanying Order, each of Plaintiffs' attorneys of record shall:

1.  read the Federal Rules of Civil Procedure in their entirety;

2.  read Rules 1.1, 4.1, 5.1 through 7.5, 12.1 through 16.1, 16.3, 23.1 through 58.2, 68.1 through 72.3, 77.1, 79.1, 83.1, 83.2(a), 83.3, 83.4, 83.7, and 83.12 of the Local Rules of the United States District for the Eastern District of Tennessee; and

3.  file a certification with the Court, signed by that attorney, to having completed the reading described above.

B.  Within **ninety (90) days** of the issuance of the accompanying Order, each of Plaintiffs' attorneys of record shall complete no fewer than **three (3) credit hours** of formal continuing legal education ("CLE") on the Federal Rules of Civil Procedure or practice before federal courts in civil cases, and shall file a certification with the Court, signed by that attorney, to having completed the CLE

as required. Each certification shall identify the title, date, format (whether in person or on-line, etc.), and provider for each hour of CLE completed.

C. The Court's October 29, 2025, Order to Show Cause (Doc. 25) shall remain pending until the requirements above are completed to the satisfaction of the Court.

Plaintiffs shall continue to prosecute this case in a diligent and appropriate manner while completing the requirements set out above.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**